United States District Court
District of Massachusetts

| | |
|---|---|
| MATTHEW J. NASUTI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 15-12910-NMG |
| U.S. SECRETARY OF STATE JOHN | ) |
| FORBES KERRY and THE U.S. | ) |
| DEPARTMENT OF STATE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM & ORDER

I.   <u>Introduction</u>

This action was brought by Matthew J. Nasuti, a former employee of the United States Department of State ("the Department"), against Secretary of State John F. Kerry and the Department.  In his complaint, Nasuti alleges that the Secretary and the Department have failed to carry out their duties under certain federal laws to provide adequate body armor to employees and visitors at United States embassies abroad.  He also alleges misconduct in relation to the termination of his employment at the Department, as well as several claims under the Freedom of Information Act ("FOIA").

Pending before the Court is defendants' motion to dismiss Counts II and III of the complaint which contain Nasuti's body

armor and employment claims.   Also pending is plaintiff's motion
for a preliminary injunction to compel the Department to rectify
alleged deficiencies in its policies relating to the use of body
armor by U.S. embassy employees and visitors.   For the reasons
that follow, the motion to dismiss will be allowed and the
motion for a preliminary injunction will be denied.

**II.   Background and Procedural History**

In 2008 plaintiff Nasuti was appointed by the Department to
a "one-year excepted service" position as a Senior City
Management Advisor in the Iraq Transition Assistance Office.
After two weeks of training, just before he was to be sent to
Baghdad, plaintiff was fired for "disruptive behavior." Nasuti
v. Merit Sys. Protection Bd., 504 Fed. App'x 895, 899 (Fed. Cir.
2013).   Nasuti alleges that he was fraudulently terminated by an
employee who lacked the requisite authority to make such a
decision.   He also claims that his termination was engineered in
retaliation for his having raised concerns relating to the
inadequacy of the Department's policies on the use of body armor
by U.S. embassy employees and visitors.

Plaintiff appealed his termination to the Merit Systems
Protection Board which dismissed the appeal on jurisdictional
grounds. Id.   He did not appeal that decision which therefore
became final. Id. at 895.   Instead, he filed a complaint with
the Office of Special Counsel alleging that he had been

-2-

improperly fired for making protected disclosures. <u>Id.</u> at 896. Some of the claims in that action have been dismissed but one claim remains pending.  <u>Id.</u> at 899-900.

On July 6, 2015 plaintiff commenced this case against Secretary Kerry and the Department.  Count I of his amended complaint, which alleges several FOIA violations, is not at issue in the pending motions.  In Counts II and III, Nasuti alleges that his termination violated federal criminal law and that the Secretary breached his duty to protect Nasuti from such violations.  He also alleges deficiencies in the Department's policies relating to personal protective equipment and body armor for U.S. embassy employees and visitors, which he claims violate 29 U.S.C. § 654, 29 U.S.C. § 668, 29 C.F.R. § 1960.1 <u>et</u> <u>seq.</u> and Executive Order 12196.  Count II requests relief in the form of declaratory judgments relating to both of those issues, while Count III requests that a mandamus be directed to Secretary Kerry requiring him to promulgate new policies to address the alleged body armor problems.

On November 24, 2015 Nasuti filed an emergency motion for a writ of mandamus directing Secretary Kerry to rectify the alleged violations with respect to the Department's body armor policies.  Eight days later the Court denied the motion on the

grounds that the writ of mandamus has been abolished in the federal district courts.[1]

On December 7, 2015 Nasuti filed a motion for a preliminary injunction and requested that the Court review the memorandum he filed in support of his motion for a writ of mandamus.  In response defendants filed a combined opposition to the motion for a preliminary injunction and memorandum in support of their motion to dismiss Counts II and III of the complaint for lack of jurisdiction and failure to state a claim.

## III. Defendants' Motion to Dismiss Counts II and III of the Amended Complaint

Defendants seek to dismiss Counts II and III on two grounds.  First, they contend that this Court lacks subject matter jurisdiction over Counts II and III insofar as they relate to the Department's body armor policies.  Second, defendants assert that neither plaintiff's body armor claim nor his employment claim in Counts II and III state a claim upon which relief can be granted.  As explained below, the defendants' motion will be allowed on both grounds and Counts II and III will be dismissed in their entirety.

---

[1] Count III of plaintiff's amended complaint also requests mandamus relief but that issue was not raised in defendants' motion to dismiss and thus is not before the Court.

**A. Motion to Dismiss for Lack of Subject Matter
   Jurisdiction**

    **1. Legal Standard**

In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The Court assumes that all material allegations set forth in the complaint are true. See Mulloy v. United States, 884 F.Supp. 622, 626 (D.Mass. 1995); Williams v. City of Boston, 784 F.2d 430, 433 (1st Cir. 1986). The averments of the complaint, as well as their proper inferences, are construed in favor of the plaintiff and the claim will not be dismissed unless "it appears beyond doubt that the plaintiff can provide no set of facts in support of his claim which would entitle him to relief." Williams, 784 F.2d at 433; Mulloy, 884 F.Supp. at 626.

The judicial power of Article III courts extends only to actual cases and controversies involving the legal rights of litigants who have a "personal stake in the outcome of the controversy." Baker v. Carr, 369 U.S. 186, 204 (1962); U.S. Const. art. III, § 2, cl. 1. To show such a personal stake, otherwise known as standing, a plaintiff must establish 1) an injury in fact, 2) a causal connection between the injury and the conduct complained of and 3) a likelihood that the injury

will be redressed by a favorable decision. Lujan, 504 U.S. at 560.

An "injury in fact" involves the invasion of a legally protected interest. Id.  The United States Supreme Court has enumerated two different characteristics which define such an injury.  First, it must be "concrete and particularized," that is, plaintiff must allege some harm that he personally suffered. Id.  Consequently,

> an allegation that someone has failed to meet some legal requirement, without more, is insufficient to confer Article III standing.

Katz v. Pershing, LLC, 672 F.3d 64, 78 (1st Cir. 2012).  Second, the alleged injury must be "actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560.  The harm must either have already happened or be sufficiently likely to happen in the future; "it is not enough that the harm might occur at some future time." Katz, 672 F.3d at 71.

### 2. Analysis

Viewing all facts and inferences from the complaint in plaintiff's favor, plaintiff has failed to meet his burden by alleging a concrete, particularized injury that is actual or imminent.  Nasuti declares that he is or was personally endangered by the Department's failure to promulgate sufficiently protective body armor policies.  He does not allege that he suffered any past injury due to those policies, although

-6-

he explains that he was exposed to them during his two weeks of active employment by the Department.  Without an allegation of ongoing, present adverse effects, however, "past exposure . . . does not in itself show a present case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (internal quotation omitted).

Nasuti further alleges that he may once again be exposed to danger due to the Department's policies if he wins his employment claim.  In that event, he avers, he may be reinstated to his former position and deployed to a U.S. embassy overseas. At this time such an outcome is, however, too speculative to form the basis for an injury that would support standing.  As explained below, Nasuti's employment claim in this action is dismissible on other grounds.  While Nasuti is still pursuing another claim before the Merit System Protection Board, he has yet to obtain relief in that case.  Without definite plans to travel to a U.S. embassy abroad in a context that would subject him to the Department's body armor policies for employees and visitors, defendant cannot show an "actual or imminent" injury. Lujan, 504 U.S. at 564.

Plaintiff cites Texas v. United States, 787 F.3d 733 (5th Cir. 2015), to support standing specifically with respect to his body armor claim under Executive Order 12196.  That case is, however, inapposite.  The plaintiff in that case was the State

of Texas which was able to demonstrate a legally-sufficient injury in fact on the basis of 1) future costs that would be incurred due to the executive order at issue and 2) the potential infringement of its "sovereign interest in the power to create and enforce a legal code." Id. at 749 (internal quotation omitted).  Plaintiff in this case has failed to allege facts sufficient to support standing to bring his claims relating to the Department's body armor policies.

That is not to suggest that plaintiff's claims are trivial or that the situation about which he is concerned could not have already caused physical injuries and loss of life to Department employees.  Plaintiff has alleged a serious deficiency in the Department's safety policies and practices.  As Nasuti himself notes, however, what is before the Court is ultimately a public policy issue.  Article III provides the Court with jurisdiction to hear cases and controversies, not to decide broader public issues.  Because plaintiff has not alleged a sufficient, present personal stake in the outcome of the body armor issue, the Court does not have jurisdiction over his claim.

### B. Motion to Dismiss for Failure to State a Claim

#### 1. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is

-8-

actionable as a matter of law and "plausible on its face."
Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell
Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When
rendering that determination, a court may not look beyond the
facts alleged in the complaint, documents incorporated by
reference therein and facts susceptible to judicial notice.
Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

     To state an actionable claim, a plaintiff must provide a
cause of action under which relief can be granted. E.g., Arroyo-
Torres v. Ponce Fed. Bank, F.B.S., 918 F.2d 276, 280 (1st Cir.
1990).  In the context of claims based on federal statutes,

>     the fact that a federal statute has been violated . . .
>     does not automatically give rise to a private cause of
>     action.

Cannon v. Univ. of Chicago, 441 U.S. 677, 688 (1979).  Private
rights of action to enforce federal law must be created by
Congress. Alexander v. Sandoval, 532 U.S. 275, 286 (2001).
Plaintiff must show that a statute creates either an explicit
private right of action or an implied private right of action.
See, e.g., Arroyo-Torres, 918 F.2d at 278.  Congressional intent
is determinative of whether an implied right exists, and "our
analysis must begin with the language of the statute itself."
Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979).

     Regulations promulgated pursuant to a statute cannot create
a cause of action where the statute itself does not. Buck v. Am.

Airlines, Inc., 476 F.3d 29, 33 (1st Cir. 2007).  A private

right of action may arise from an executive order, but only when

> (1) [] the President issued the order pursuant to a
> statutory mandate or delegation of authority from
> Congress, and therefore the order had the force and
> effect of law, and (2) [] the order's terms and
> purpose evidenced an intent to create a private right
> of action.

Centola v. Potter, 183 F. Supp. 2d 403, 413 (D. Mass. 2002)

(citing Independent Meat Packers Association v. Butz, 526 F.2d

228, 234-35 (8th Cir.1975)).

### 2. Analysis

#### a. Body Armor Claims

Plaintiff alleges that defendants failed to promulgate

comprehensive body armor policies or provide sufficient body

armor to embassy employees and visitors, in violation of 29

U.S.C. § 654, 29 U.S.C. § 668, 29 C.F.R. § 1960.1 et seq. and

Executive Order 12196, §§ 1-201(a) and (b).  None of the cited

legal provisions can, however, be construed to create a private

right of action.

Sections 654 and 668 of Title 29 of the United States Code

were both enacted as provisions of the Occupational Safety and

Health Act of 1970 ("OSHA").[2]  While that statute was enacted for

the benefit of a particular group, employees, there is no

---

[2] Although plaintiff specifically denies having brought an "OSHA
lawsuit", his claims rely on the provisions of that statute.

"cogent indication of legislative intent to create . . . the remedy sought." Buck, 476 F.3d at 33 (citing Royal Business Grp., Inc. v. Realist, Inc., 933 F.2d 1056, 1060 (1st Cir. 1991); Cort v. Ash, 422 U.S. 66, (1975)).  OSHA contains no explicit private right of action.  To the contrary, it contains a provision stating that the statute is not to be construed

> to enlarge or diminish or affect in any other manner
> the common law or statutory rights, duties, or
> liabilities of employers and employees under any law.

29 U.S.C. § 653(d)(4).  Such language precludes the inference of a private cause of action under the statute. Am. Fed'n of Gov't Emp., AFL-CIO v. Rumsfeld, 321 F.3d 139, 143 (D.C. Cir. 2003).

Instead, the statute prescribes a comprehensive regulatory scheme for ensuring employer compliance with OSHA.  The Occupational Safety and Health Administration is empowered to inspect places of employment, issue citations and penalties and seek injunctive relief to prevent and rectify violations of the statute and its attendant regulations. 29 U.S.C. §§ 657-59, 662. The statute also provides for civil and criminal penalties for violations. Id. § 666.

Furthermore, because OSHA does not create a private right of action, neither can regulations issued pursuant to OSHA, such as those contained in Part 1960 of Title 29 of the Code of Federal Regulations. Buck, 476 F.3d at 33.

-11-

Nasuti also relies on Executive Order 12196.  He avers that
the order provides a private right of action because it was
issued pursuant to a grant of statutory authority to the
President to prescribe measures that go beyond OSHA "to prevent
injuries and accidents to employees" of federal agencies. See 5
U.S.C. § 7902.  Even if plaintiff's analysis is correct in that
respect, however, the executive order itself does not manifest
an intent by the President to create a private right of action.
The order is addressed to heads of agencies and various federal
government officials and councils and it is phrased in terms of
the duties of those officials rather than the rights of federal
employees.  Consequently, the order also does not provide a
cause of action for Nasuti's claims.

Plaintiff's complaint alleges that the Department's actions
violate "its duties to its employees . . . as set out in common
law."  Plaintiff has not, however, cited the common law duty to
which he refers, either in his complaint or in the materials
appended to it.  In a declaration filed with plaintiff's
November 24, 2015 emergency motion for a writ of mandamus,
plaintiff alleges that Secretary Kerry owes him a "fiduciary
duty" of "moral uprightness."  In support of that assertion, he
cites Skilling v. United States, 561 U.S. 358 (2010).  That
case, however, neither describes nor creates a common law duty.
To the contrary, it addresses the scope of 18 U.S.C. § 1346, a

-12-

federal statute which defines what is known as "honest services fraud," and holds that the statute covers only bribery and kickbacks to the exclusion of other kinds of improper conduct by government officials. Id. at 408-09.  Plaintiff has therefore failed to allege a common law cause of action for his body armor claims.

Finally, plaintiff alleges that this Court has inherent authority to conduct "nonstatutory review" to determine whether a government agency has taken ultra vires action.  In support he cites Commonwealth of Puerto Rico v. United States, 490 F.3d 50 (1st Cir. 2007).  That case discusses the authority of federal district courts to conduct "nonstatutory review" of administrative agency action but only when the plaintiff claims a violation of his constitutional rights. Id. at 58-60.  Because Nasuti has alleged no constitutional violation in relation to his body armor claims, that doctrine is inapplicable.

Plaintiff also cites Succar v. Ashcroft, 394 F.3d 8, 19-20 (1st Cir. 2005), in which the plaintiff alleged that the Immigration and Naturalization Service had engaged in ultra vires acts outside the scope of the authority delegated to it by Congress.  That case did not involve "nonstatutory review," but rather a classic administrative law issue of a kind not raised

by plaintiff.[3]  Rather than alleging that Secretary Kerry and the
Department have engaged in actions beyond the scope of their
delegated authority, Nasuti alleges that they have failed to
carry out their statutorily mandated duties.  Although the
judicial review provisions of the Administrative Procedure Act,
5 U.S.C. § 500 et seq., could provide a vehicle for such a
claim, plaintiff has not alleged any violation of that Act.
Thus the cause of action alleged in Succar does not support
Nasuti's claims.

Accordingly, plaintiff's claims with respect to the
Department's body armor policies will be dismissed for failure
to state a claim upon which relief can be granted.

### b. Employment Claims

Nasuti alleges that defendants breached their

> collective duties . . . to protect him from Department
> officials who violated 18 U.S.C. § 1001, 18 U.S.C. §
> 242 and other provisions of law in their scheme to
> engineer [his] "phantom" firing.

Both 18 U.S.C. § 1001 and 18 U.S.C. § 242 are criminal
statutes which contain no explicit or implicit private right of
action. Cok v. Consentino, 876 F.2d 1, 2 (1st Cir. 1989);
Fiorino v. Turner, 476 F.Supp. 962, 963 (D. Mass. 1979).

---

[3] Similarly, Tulare County v. Bush, 306 F.3d 1138, 1141 (D.C.
Cir. 2002), also cited by Nasuti, did not address "nonstatutory
review" but instead involved allegations that the President's
actions exceeded his statutorily-delegated authority.

-14-

Plaintiff seems to allege that defendants breached a duty to protect him from violation of those federal statutes, a claim which sounds in tort. He cites no authority, however, creating such a common law duty under either federal or state law.

Similarly, Nasuti alleges in his complaint that defendants

sought to deprive [him] of his liberty rights and his right to employment, continued employment, his reputation and . . . his future earnings capacity.

Once again, however, he fails to state a specific cause of action through which he may bring such a claim, either in his pleading or in his memoranda.

Although plaintiff acts in a pro se capacity in this case, he is in fact an attorney currently barred in at least two states. Thus, while courts generally hold pro se litigants to a less demanding standard than those represented by counsel, the Court is not required to conjure causes of action which are insufficiently pled. Cf. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 79 (1st Cir. 2014) (holding that, in the context of pro se pleadings, "it is not our job, in an effort to ferret out the adequacy of a plaintiff's pleaded allegations, to haphazardly mine documents appended to a complaint.") Accordingly, plaintiff's employment claims will be dismissed for failure to state claims upon which relief can be granted.

**IV.   Plaintiff's Motion for a Preliminary Injunction**

Plaintiff seeks a preliminary injunction to compel Secretary Kerry to rectify alleged deficiencies in the Department's policies relating to the use of personal protective equipment and body armor by U.S. embassy employees and visitors. He also seeks to compel the Department to provide more effective equipment to its employees and visitors.  Plaintiff bases his claims on Counts II and III of his complaint.  For the reasons explained above, because plaintiff lacks standing to bring those claims, he also lacks standing to petition the Court for relief in the form of a preliminary injunction.  Consequently, plaintiff's motion for a preliminary injunction will be denied.

**ORDER**

For the forgoing reasons, defendants' motion to dismiss Counts II and III (Docket No. 24) is **ALLOWED**.  Plaintiff's motion for a preliminary injunction (Docket No. 15) is **DENIED**.


**So ordered.**


                                        /s/ Nathaniel M. Gorton_____
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated January 22, 2015